**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LAWAND HILL,

Plaintiff,

-against-

FOUNDATION MEDIA LLC,

Defendant.

No. 1:25-cv-5947-AS

**FOUNDATION MEDIA LLC'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF DISMISSAL OF HER COMPLAINT**

SHAPIRO ARATO BACH LLP

Cynthia S. Arato
Ann E. Philip
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel: (212) 257-4882
carato@shapiroarato.com
aphilip@shapiroarato.com

*Attorneys for Defendant*
*Foundation Media LLC*

Magistrate Judge Henry Ricardo correctly recommended that Plaintiff's Amended Complaint be dismissed with prejudice because (1) the written distribution agreement upon which Plaintiff bases her claims grants Foundation an exclusive license to distribute Hill's catalog and (2) that license is a complete defense to Plaintiff's claims. Plaintiff provides the Court with no legitimate basis to reject Judge Ricardo's well-reasoned report and recommendation. In fact, Plaintiff *never* previously raised the sole ground on which she bases her objections—that she supposedly properly terminated the "Term" of the operative distribution agreement—so Plaintiff is barred as a matter of law from raising that argument now. Regardless, Plaintiff's argument fails on the merits because the agreement's term provision guarantees Foundation exclusive distribution rights to Plaintiff's catalog through at least 2029.

## ARGUMENT

### I. THE COURT SHOULD NOT CONSIDER PLAINTIFF'S NEWLY RAISED ARGUMENT

Plaintiff's Objection Nos. 1-5 and 7 are based on a single argument that Plaintiff improperly raises for the first time in her Objections and which the Court should not consider.[1]

Regardless of how Plaintiff phrases them, her objection Nos. 1-5 are all premised on her newly conjured theory that Plaintiff terminated the term of Foundation's distribution agreement by providing written notice under that agreement's Section 5(a), such that Foundation's subsequent distribution of Plaintiff's works constituted infringement. *See* Objections at 3–4. Plaintiff did not raise this argument when she opposed Foundation's motion to dismiss, nor is it expressed in her Amended Complaint. Plaintiff alleged in her Complaint that Foundation had infringed her

[1] Plaintiff's Objection Nos. 6 and 8 do not ask the Court for relief; they express Plaintiff's dislike of Judge Ricardo's rejection of Plaintiff's claims for willful infringement and unjust enrichment.

copyrights because either: (1) the company with whom Plaintiff initially contracted and who then granted Foundation its distribution rights supposedly never had the authority to grant those rights to Foundation (*see* AC ¶¶ 14, 17–19, 30–31, ECF No. 34); and (2) that company executed a settlement with Plaintiff that allegedly extinguished whatever derivative rights Foundation held (*see* AC ¶¶ 20–25). Similarly, in her opposition, Hill argued only that "Foundation's claimed rights were derivative of Sloppy Vinyl's authority" and that "once Sloppy Vinyl's authority collapsed, any derivative rights claimed by Foundation likewise ceased." (Pl. Opp. at 3–4, ECF No. 38).

Plaintiff's new termination argument is distinct. It *concedes* that the distribution agreement granted Foundation its distribution rights but contends Plaintiff terminated the "Term" of that agreement when she sent termination notices in May and June 2025. (Objections at 3). Plaintiff could have, but did not, raise this argument when opposing Foundation's motion to dismiss, so she cannot rely on it now. It is well-settled that "[a] district court should not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Piazza v. Florida Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 673 (S.D.N.Y. 2011); *see also Zhao v. State of New York*, No. 16-CV-8778, 2018 WL 2448612, at *1 (S.D.N.Y. May 31, 2018) (same). Indeed, allowing new arguments now is improper because it would "undermine the efficiency gains achieved by the magistrate system" and "effectively nullify the magistrate's consideration of the issue." *Piazza*, 777 F. Supp. 2d at 673. The Court can and should reject Plaintiff's Objections for this reason alone.

## II. PLAINTIFF'S NEWLY RAISED ARGUMENT FAILS ON THE MERITS

Even if the Court were to consider Plaintiff's new argument, it fails on the merits. Plaintiff relies on Section 5(a) of the distribution agreement, which provides for an initial "Term" of 90 days, which automatically renews for additional 90-day periods, unless either party terminates the

"Term" by sending written notice, something Plaintiff contends she did in May and June 2025. (Objections at 3). But Plaintiff ignores Section 5(b) of the agreement, which provides that Foundation shall continue to enjoy exclusive distribution rights—regardless of the termination of the agreement's "Term"—for a so-called "Retention Period" lasting "five (5) years after the later date by which both the Term has ended" *and* Foundation's payment of various advances and expenses has been "recouped." Distribution Agreement ¶ 5(b) (emphasis added) (AC at 18).

The operative agreement was fully signed as of October 1, 2023, so even if the "Term" lasted only the initial 90 days (and not even Plaintiff alleges that), Foundation's exclusive distribution rights would extend for at least five years and 90 days from that date, through December 30, 2028. Plaintiff, moreover, does not dispute—and Magistrate Richards found—that Foundation's advance has not been recouped (*see* R&R at 3; AC ¶ 33), so Foundation's exclusive distribution rights extend even further, until at least 2031 (assuming recoupment occurs this year).

Hill acknowledges Paragraph 5(b) but contends its "condition for commencement of the Retention Period [is] not yet satisfied, producing an interval in which Paragraph 1 supplies no authorization." Objections at 3–4. That is nonsensical. There is no gap between the "Term" and the beginning of Section 5(b)'s five-year "Retention Period." Rather, Foundation continues to enjoy exclusive distribution rights from the end of the Term through five years after the Term ends or the Advances are recouped, whichever is later. Under any set of facts, Foundation continues to enjoy exclusive rights to distribute Plaintiff's catalog, now and for many years to come.

## CONCLUSION

For the above reasons, the Court should overrule Hill's objections, adopt Judge Ricardo's Report and Recommendation in its entirety, and dismiss the Amended Complaint with prejudice.

Dated: New York, New York
September 17, 2026

By: /s/ Cynthia S. Arato
Cynthia S. Arato
Ann E. Philip
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4882
carato@shapiroarato.com
aphilip@shapiroarato.com

*Attorneys for Defendant*
*Foundation Media LLC*