UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lawand Hill,

Plaintiff,

-v-

Foundation Media LLC,

Defendant.

25-CV-5947 (AS)

ORDER ADOPTING REPORT AND RECOMMENDATION

ARUN SUBRAMANIAN, United States District Judge:

This motion to dismiss was referred to Magistrate Judge Henry J. Ricardo for a Report and Recommendation. *See* Dkt. 42. In the Report and Recommendation filed on August 3, 2026, Magistrate Judge Ricardo recommended that the motion be granted with prejudice. *See* Dkt. 49.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Hill purports to raise seven objections to the Report and Recommendation, but each objection rests on the argument—raised for the first time—that while Foundation may have

"originally received a valid exclusive license," the term of that license may have ended before Foundation's alleged infringement began. Dkt. 50 at 1. Hill argues that Paragraph 5 of the Distribution Agreement creates an ambiguity as to how long Foundation's exclusive license was to last. *Id.* at 3-4.

As an initial matter, "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). Allowing parties to raise new arguments for the first time in their objections to the Report and Recommendation "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 352 (S.D.N.Y. 2006). Hill plainly forfeited the argument raised in her objections.

In any event, the Court also rejects Hill's objections on the merits. There is no reasonable interpretation of the Distribution Agreement's Paragraph 5 under which Foundation's rights may have expired, making its distribution of Hill's works infringement. Paragraph 5(b) provides that "for a period which lasts five (5) years after the later date by which both the Term has ended and You have recouped the Advances and expenses Foundation incurred," Foundation "shall continue to have the exclusive rights set forth in Section 1." Dkt. 34 at 18. Plaintiff concedes that Foundation's advance has not been recouped, *id.* ¶ 3. And even had the advance been recouped and the Term ended, Foundation would still be within the five-year period in which it continues to enjoy distribution rights. *See* Dkt. 34 at 18, 21.

The Court finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in full.

The Clerk of Court is directed to terminate Dkt. 29, enter judgment for Foundation and close this case, and mail a copy of this Order to Plaintiff.

Notwithstanding the dismissal of the complaint, lead counsel for Foundation is ordered to file a declaration under 28 U.S.C. § 1746, on or before September 28, 2026, stating (1) whether or not AI was used in the preparation of Foundation's response to Hill's objection and (2) whether the quotations attributed to *Piazza* and the citation to *Zhao* were a result of Foundation's unchecked use of AI.

SO ORDERED.

Dated: September 22, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge